UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NURYS D. VENTURA | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| ROBERT TURNER; RASIER, LLC; | ) |
| and UBER TECHNOLOGIES, INC., | ) |
| | ) |
| Defendants | ) |

## DEFENDANTS UBER TECHNOLOGIES, INC.'s AND RASIER, LLC's NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Uber Technologies, Inc. ("Uber") and Rasier, LLC ("Rasier") (collectively "Defendants") hereby give notice of the removal of this action, which is currently pending in the Superior Court of Rhode Island in Providence County, captioned *Nurys Ventura v. Robert Turner et al..,* Civil Docket No. PC-2021-06472, to the United States District Court for the District of Rhode Island. As grounds for removal, Defendants state as follows:

1. Defendants remove this case on the basis of diversity jurisdiction, on the grounds that there is diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

1

## BACKGROUND

2. On or about October 18, 2020, Plaintiff Nurys Ventura ("Plaintiff") filed a complaint ("Complaint") in the Providence County Superior Court naming Uber and Rasier as defendants, among others. Plaintiff's Complaint is attached hereto as **Exhibit A**.

3. Plaintiff alleges in her Complaint that she sustained injuries on October 29, 2018 when, while attempting to drive her motorvehicle through an insersection on Canal Street in Providence, Rhode Island, she was struck by the vehicle that Robert Turner ("Turner") was operating (the "Incident"). Exhibit A, ¶ 6.

4. Plaintiff alleges that at the time of the Incident, Turner was an agent, servant and/or employee. *Id*., ¶¶ 11; 18.

5. Plaintiff alleges that she suffered bodily injury and asserts negligence and vicarious liability claims against Defendants. *Id*., ¶¶ 10-23.

## TIMELINESS OF REMOVAL

6. Defendants were served with Plaintiff's Complaint on or about January 18, 2022.

7. This Notice of Removal is timely because it is filed within 30 days after the receipt by Defendants, through service or otherwise, a copy of Plaintiff's Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

8. Complete diversity of citizenship exists in this matter because Defendants are citizens of different States from Plaintiff. *See* 28 U.S.C. § 1332(a).

9. Plaintiff alleges that she is an individual residing in Providence, RI. Thus, for the purpose of determining whether diversity jurisdiction exists, Plaintiff is a citizen of Rhode Island. See Exhibit A, ¶ 1.

10. At the time of the filing of the Complaint, Uber was, and currently is, a corporation formed under the laws of Delaware with its principal place of business in California. Thus, for the purpose of determining whether diversity jurisdiction exists, Uber is a citizen of Delaware and California.

11. At the time of the filing of the Complaint, Rasier was, and currently is, a limited liability company formed under the laws of Delaware. Furthermore, at the time of the filing of the Complaint, Rasier's sole member is Uber. Therefore, for the purpose of determining whether diversity jurisdiction exists, Rasier is also a citizen of Delaware and California.

12. Plaintiff alleges that the defendant Turner resides in the Commonwealth of Massachusetts. See Exhibit A, ¶ 2. However, upon information and belief, Turner has not been served. Pursuant to § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." § 1441(b)(2) (emphasis added). The statute "is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under § 1441(a) so long as a federal

district court can assume jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705-707 (2d Cir. 2019); s*ee also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152-54 (3d Cir. 2018) (plain meaning of the statute precludes removal only when the defendant has been properly joined and served). As such, "[i]f a plaintiff serves a non-forum defendant before serving a forum defendant, he has effectively chosen to waive an objection to the removal by a nimble non-forum defendant who thereafter removes the case before service upon a forum defendant named in the complaint." *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 322 (D. Mass. 2013).

13. There is complete diversity between Plaintiff and Defendants, who have been properly joined and served, because Plaintiff and Defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

14. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

15. According to her Complaint, Plaintiff "sustained severe, permanent, personal injuries which incapacitated her; she has been prevented and Will continue to be prevented from carrying on her usual activities; she suffered a loss of homemaker services; she suffered, presently suffers and Will in the future suffer great pain of body and mind; she incurred, is continuing to incur and Will in the future incur great expenses for medical and hospital care and attention, she has sustained, and in the future Will sustain a loss of earnings, salary or wages; and was otherwise damaged."

16. Upon information and belief as alleged in her Complaint, and through communications with Plaintiff's Counsel, the amount in controversy exceeds $75,000.

17. The injuries that Plaintiff alleges she sustained, the treatment received, and her statements that her alleged injuries are permanent sufficient to establish a reasonable probability that the amount in controversy exceeds $75,000 based on Plaintiff's claimed damages and her alleged pain and suffering.  Providence Piers, LLC v. SMM New England, Inc., C.A. No.: 12-532-S, 2013 WL 178183, at * 3 (D.R.I. January 16, 2013) ("defendants must show a 'reasonable probability' that the amount in controversy exceeds $75,000").

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

18. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the Defendants are filing this Notice of Removal in the federal district court for the district within which the state court Complaint was filed.

19. Pursuant to 28 U.S.C. § 1446(a), the Defendants attach all process, pleadings and orders that have been filed or served by Plaintiff and filed, served or received by the Defendants in this action as Exhibit A.  See 28 U.S.C. § 1446(a).

20. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the District of Rhode Island, as the Complaint in this action was filed in the Superior Court for the State of Rhode Island, Providence County.

21. Defendants will give written notice of the filing of this Notice of Removal to all other parties, and will file a copy of this Notice of Removal with the Clerk of the Rhode Island Superior Court for Providence County, as required by 28 U.S.C. § 1446(d).

22. In removing this action, Defendants do not intend to waive any rights or defenses to which they are otherwise entitled to under the Federal Rules of Civil Procedure.

23. Based upon the record submitted with this Notice, this Court has jurisdiction over the Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, Defendants Uber Technologies, Inc. and Rasier, LLC respectfully request that this action proceed in the United States District Court for the District of Rhode Island, as an action properly removed from state court.

Respectfully submitted by,
Defendants
UBER TECHNOLOGIES, INC. and
RASIER, LLC
By their attorneys,

/s/ *Andro S. Hannoush*

_____
Andrew R. Ferguson (8403)
Andro S. Hannoush (10117)
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
aferguson@coughlinbetke.com
ahannoush@coughlinbetke.com

**CERTIFICATE OF SERVICE**

      I, Andro S. Hannoush, hereby certify that on this 15th day of February, 2022, I filed the within document on the ECF system and served a copy of the within document upon all parties by first class mail, postage prepaid to:

Thomas L. Moran, Esq.
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903

                                                 /s/ Andro S. Hannoush
                                                Andro S. Hannoush, Esq.