# COUGHLIN BETKE LLP

**175 FEDERAL STREET**
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-988-8050
FACSIMILE: 617-988-8005

*Please send all correspondence to our Boston office for scanning.*

Elizabeth Ashur  　　　　　　　　　　　　　　　　　Number: (617) 988-8050 ext. 8057
Litigation Paralegal  　　　　　　　　　　　　　　　Email: eashur@coughlinbetke.com

*Via email*  　　　　　　　　　　　　　　　　　　　August 18, 2022
Thomas L. Moran, Esq.
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
tmoran@m-n-law.com

Re:　　Ventura, Nurys v. Robert Turner, Rasier, LLC and Uber Technologies, Inc.
　　　　*USDC C.A. no. 1:22−cv−00078*

Dear Attorney Moran:

　　　In the context of the above-referenced action, enclosed please find the following:

　　　1. Defendant Rasier LLC's Request for Production of Documents to Plaintiff Nurys D. Ventura;
　　　2. Defendant Rasier, LLC's First Set Of Interrogatories To Plaintiff.

　　　Thank you for your attention to this matter, and please do not hesitate to contact me should you have any questions.

　　　　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Elizabeth Ashur
　　　　　　　　　　　　　　　　　　　　　　　　　Elizabeth Ashur

Enclosures

cc:　　　Brian M. Abramoske, Esq. *(Enclosures)*
　　　　Kyle W. Cunningham, Esq. *(Enclosures)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NURYS D. VENTURA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT TURNER; RASIER, LLC; )<br>and UBER TECHNOLOGIES, INC., )<br>)<br>Defendants ) | CIVIL ACTION NO.: 1:22−cv−00078−JJM−PAS |

**DEFENDANT RASIER, LLC'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF**

Defendant Rasier, LLC ("Rasier"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following Interrogatories to be answered under oath by Plaintiff Nurys D. Ventura.

## Definitions

1. The full text of the following definitions is incorporated by reference into each interrogatory.

2. "Plaintiff," "you," and "your" shall refer to the plaintiff in this action, Nurys D. Ventura including her agent(s) and representative(s).

3. "Rasier" shall refer to the defendant Rasier, LLC., including its agent(s) and representative(s).

4. "Driver" shall refer to Robert Turner, including his agent(s) and representatives.

5. "Incident" shall refer to the October 29, 2018 incident alleged in Plaintiff's Amended Complaint and all injuries alleged to have resulted therefrom.

# INTERROGATORIES

## INTERROGATORY NO. 1

Please identify yourself fully, giving your full name, age, Social Security number, residence, business address and occupation, and if married, give the name of your spouse.

## INTERROGATORY NO. 2

For each expert witness you intend to call to testify at trial please state:

a. The name, address, occupation, qualifications and business address of each such expert;
b. The subject matter on which each expert is expected to testify;
c. The substance of the facts and opinions to which each expert is expected to testify; and
d. The summary of the grounds for each such opinion of each expert witness.

## INTERROGATORY NO. 3

Please state in full and complete detail how the Incident happened, including in your answer the time and date of the Incident, the weather conditions, the location of the Incident, the locations of all other vehicles in the area of the Incident, what you did, who was with you, and what happened in the order in which such events took place.

## INTERROGATORY NO. 4

Please describe in full and complete detail: when you first observed Driver and/or the vehicle he was driving; what Driver was doing immediately prior to the Incident; the speed at which Driver's vehicle was traveling immediately prior to the Incident; and what Driver was doing immediately after the Incident.

## INTERROGATORY NO. 5

Please describe in full and complete detail any and all communications you had with any police officers or emergency responders regarding the Incident, your injuries, the circumstances of the Incident, and/or the cause of the Incident. Please state in detail what you said or wrote and what any police officer or emergency responder said or wrote, and the date of each communication.

## INTERROGATORY NO. 6

Please identify the name, address, and telephone number of every witness to the Incident and state what information regarding the Incident each witness has.

## INTERROGATORY NO. 7

Please describe fully and in complete detail your activities during the 12 hours immediately before the Incident, including where you went; who was with you; the location and nature of your activities; and the order and time such events took place.

INTERROGATORY NO. 8

If you received medical or any other treatment as a result of the injuries you allegedly sustained as a result of the Incident, please provide:

a. The name and address of any and all persons or institutions from which you received such medical or other treatment;
b. The approximate number of treatments so received, setting forth as accurately as possible the dates of each such treatment and the treating institution or person; and
c. An itemized account of all expenses incurred for the treatment setting forth which have been paid by you and which have not been paid by you.

INTERROGATORY NO. 9

Please list the name and address of all medical providers who have treated or examined you from January 1, 2012, until the present, including without limitation the name and address of your primary care physician(s).

INTERROGATORY NO. 10

Did you lose time from any occupation or employment as a result of the Incident or as a result of the injuries you allegedly sustained as a result of the Incident? If your answer is in the affirmative, please state as accurately as possible:

a. What your occupation was at the time of the Incident, and the full name and address of your employer;
b. The dates on which you were incapacitated from work;
c. The average weekly income you received from your occupation; and
d. The amount of financial loss you suffered as a result of your incapacity from work.

INTERROGATORY NO. 11

Please describe, identify, and itemize all damages you allege to have suffered as a result of the Incident which are not set forth in your answers to the preceding Interrogatories.

INTERROGATORY NO. 12

If you have been a party to any other lawsuits in which you alleged personal injury damages, please state the court and docket number of each such lawsuit; the names of all parties to each such lawsuit; and the facts underlying each such lawsuit, including the injuries that you claim to have suffered.

INTERROGATORY NO. 13

Describe the lighting conditions, weather conditions and the condition of the road(s) surface(s) existing at the time and place of the alleged Incident.

INTERROGATORY NO. 14

Describe what, if any, injuries you sustained as a result of this alleged Incident, including whether any of these injuries exacerbated pre-existing conditions or are alleged to be entirely new injuries or medical conditions.

INTERROGATORY NO. 15

Describe what you were wearing, including footwear and any eyeglasses or hats, and what, if anything, you were carrying, at the time of the Incident.

INTERROGATORY NO. 16

Please describe in full and complete detail any and all communications you had with Rasier, LLC and/or Uber Technologies, Inc., regarding the Incident, your injuries, the circumstances of the Incident, and/or the cause of the Incident.

INTERROGATORY NO. 17

Have you been in any other motor vehicle collision, either before or after the date of the Incident? If so, when and what were the facts and resolutions of those cases.

Respectfully submitted by,
Defendants
RASIER, LLC,
By their attorneys,

/s/ *Andro S. Hannoush*

_____
Andrew R. Ferguson (8403)
Andro S. Hannoush (10117)
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
aferguson@coughlinbetke.com
ahannoush@coughlinbetke.com

**CERTIFICATE OF SERVICE**

  I, Andro S. Hannoush, hereby certify that on this 18th day of August, 2022, I served a copy of the within document upon all counsel of record via e-mail:

Thomas L. Moran, Esq.
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
babramoske@cetllp.com

Brian M. Abramoske, Esq.
Kyle W. Cunningham, Esq.
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
kcunningham@cetllp.com
tmoran@m-n-law.com

              /s/ Andro S. Hannoush
              Andro S. Hannoush, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NURYS D. VENTURA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 1:22−cv−00078−JJM−PAS |
| v. ) | |
| ) | |
| ROBERT TURNER; RASIER, LLC; ) | |
| and UBER TECHNOLOGIES, INC., ) | |
| ) | |
| Defendants ) | |

## DEFENDANT RASIER, LLC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF NURYS D. VENTURA

   Defendant Rasier, LLC ("Rasier"), pursuant to pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, propounds the following Requests for Production of Documents to Plaintiff Nurys D. Ventura ("Plaintiff"). Rasier requests that the Plaintiff produce the following items for inspection and copying. Items are requested to be produced at the office of the attorneys for Rasier: Coughlin Betke LLP, 175 Federal Street, Boston, MA 02110, on or before thirty (30) days from the date of this request.

## Definitions

1.  The full text of the following definitions is incorporated by reference into each interrogatory.

2.  "Plaintiff," "you," and "your" shall refer to the plaintiff in this action, Nurys D. Ventura, including her agent(s) and representative(s).

3.  "Rasier" shall refer to the defendant Rasier, LLC, including its agent(s) and representative(s).

4.  "Turner" shall refer to the Independent Driver, Robert Turner, including his agent(s) and representatives.

5.  "Incident" shall refer to the October 29, 2018, collision alleged in Plaintiff's Complaint and all injuries alleged to have resulted therefrom.

## REQUESTS

REQUEST NO. 1

Any and all accident reports completed by you or on your behalf with respect to the Incident.

REQUEST NO. 2

Any and all medical records, reports, bills, letters and statements, including full and complete hospital records, which relate to injuries allegedly sustained by you as a result of the Incident.

REQUEST NO. 3

All documents including without limitation all claims and all correspondence submitted to any insurer by you or on your behalf relating to any medical payments or personal injury claims arising from the Incident and any return correspondence.

REQUEST NO. 4

Photographs depicting the injuries you sustained as a result of the Incident.

REQUEST NO. 5

Any and all reports and statements made by you, whether signed, unsigned or transcribed, written and oral, which relate in any way to the accident or to injuries you allegedly sustained as a result of the Incident.

REQUEST NO. 6

Any and all reports and statements made by Rasier, Uber Technologies, Inc., or Turner, whether signed, unsigned or transcribed, written and oral, which relate in any way to the Incident or to injuries you allegedly sustained as a result of the Incident.

REQUEST NO. 7

Any and all photographs or video recordings taken at the scene of the Incident. Please include in your response any and all photographs depicting you, your motor vehicle, Turner, Turner's motor vehicle, witnesses to the accident, and police officers and medical personnel.

REQUEST NO. 8

Any and all documents evidencing any communications (oral or written) between you and any other witness or witnesses that reference or relate to the Incident or your alleged injuries arising therefrom, including without limitation, letters, notes, emails, and other correspondence.

REQUEST NO. 9

If you are claiming lost income or lost earning capacity as a result of the accident, please provide copies of all documents which pertain or relate to your wages, salary, tips, commissions or other income earnings, including without limitation all employment records, W-2 forms, and copies of all federal and state income tax returns, from January 1, 2013, to the present.

REQUEST NO. 10

All documents relating or referring to any motor vehicle accidents (including pedestrian-car accidents and motorcycle accidents), slip and fall incidents, or any other incidents you have been involved in from January 1, 2013, to the present in which you sustained any personal injuries. If you are not in possession of said documents, please provide the name and address of the person or entity who may have such documents.

REQUEST NO. 11

All documents relating or referring to any other claims and lawsuits, including lawsuits for personal injury or workers compensation, to which you have been a party, from 2013 to the present.

REQUEST NO. 12

Any and all reports and statements and letters which were filed and/or completed by any expert or experts concerning the Incident or the injuries you allegedly sustained as a result of the Incident.

REQUEST NO. 13

The resume or curriculum vitae of each expert witness whom you intend to call at trial.

REQUEST NO. 14

Any and all documents or correspondence which relate to any liens noticed in connection with the Incident.

REQUEST NO. 15

Copies of any and all documents you intends to offer in to evidence at the time of trial.

REQUEST NO. 16

Copies of any documents evidencing or supporting your claim for damages as a result of the Incident which are not produced in response to any preceding requests for production.

REQUEST NO. 17

Any and all documents concerning payments or reimbursements from Medicare in satisfaction of any medical expenses from any healthcare provider involved in the treatment of the injuries you are claiming in this lawsuit.[1]

REQUEST NO. 18

Any and all communications you or your representatives have had with Medicare or CMS regarding conditional payments Medicare may have made, the amount Medicare may be owed, or the injuries you are claiming in this lawsuit.

REQUEST NO. 19

A photocopy of the front and back of your current Medicare card, if applicable.

REQUEST NO. 20

A copy of any Interim Conditional Payment summary or estimate prepared by Medicare in connection with the claims you are making in this lawsuit.

REQUEST NO. 21

Any and all documents evidencing or supporting any of the allegations of Plaintiff's Complaint filed in this action.

REQUEST NO. 22

Any and all medical records, reports, letters, bills, statements, and full and complete hospital records reflecting treatment you received within ten (10) years prior to the alleged Incident and at any time after the Incident, not caused by or arising from the Incident, that was/is in any way related to damages which you allege you have sustained as a result of the Incident.

REQUEST NO. 23

Any and all documents evidencing any communications (oral or written) between you and Uber Technologies, Inc. and/or Rasier, LLC, that reference or relate to the Incident or your alleged injuries arising therefrom, including without limitation, letters, notes, emails, and other correspondence.

---

[1] Please note: if you are not currently a Medicare-eligible beneficiary but become eligible for Medicare during the pendency of this lawsuit, you must supplement your response at that time. This information is necessary for all parties to comply with Medicare regulations. See 42 U.S.C. § 1395y(b)(8) and 42 U.S.C. § 1395y(b)(2).

        Respectfully submitted by,
Defendants
RASIER, LLC,
By their attorneys,

/s/ *Andro S. Hannoush*

_____
Andrew R. Ferguson (8403)
Andro S. Hannoush (10117)
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617)988-8050
aferguson@coughlinbetke.com
ahannoush@coughlinbetke.com

**CERTIFICATE OF SERVICE**

      I, Andro S. Hannoush, hereby certify that on this 18th day of August, 2022, I served a copy of the within document upon all counsel of record via e-mail:

Thomas L. Moran, Esq.
Marasco & Nesselbush, LLP
685 Westminster Street
Providence, RI 02903
tmoran@m-n-law.com

Brian M. Abramoske, Esq.
Kyle W. Cunningham, Esq.
CETRULO LLP
Two Seaport Lane, 10$_{th}$ Floor
Boston, MA 02210
kcunningham@cetllp.com
babramoske@cetllp.com

      ___/s/ Andro S. Hannoush_____
      Andro S. Hannoush, Esq.